UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **12-80226-CR-RYSKAMP/HOPKINS**

18 U.S.C. § 1343

UNITED STATES OF AMERICA,

v.

SONNY AUSTIN RAMDEO.

      Defendant
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Promise Healthcare Inc. is an entity that provides management services to hospital facilities throughout the United States. There are approximately fifteen hospitals owned by the same individuals who own and operate Promise Healthcare Inc., and the hospitals are treated as affiliated and subsidiary companies of Promise Healthcare Inc. located in the following seven states: Florida, Arizona, California, Louisiana, Mississippi, Texas, and Utah (hereinafter "the Promise Hospitals").

2. The management services provided by Promise Healthcare Inc. include, among other things, central payroll and payroll tax payments and central purchasing activities. Promise Healthcare Inc. and all of the affiliated hospitals maintain their corporate headquarters in Boca Raton, Florida.

3. Success Healthcare, LLC is an entity that owns and operates hospital facilities through their subsidiaries and affiliates. Success Healthcare, LLC is owned by and operated by the same individuals holding ownership interest in Promise Healthcare Inc. Success Healthcare, LLC operates two hospitals located in California and Missouri. Promise Healthcare Inc. provides management services to the Success Healthcare, LLC, hospitals including payroll and payroll tax payments.

4. The corporations and hospitals referred to in paragraphs 1 and 2 above are hereinafter referred to as "the Companies".

5. Beginning at least as early as 2005, Defendant **SONNY AUSTIN RAMDEO** (hereinafter "**RAMDEO**") was employed as the director of payroll of the Companies, and worked in the Boca Raton, Florida offices of the Companies. Defendant **RAMDEO** was responsible for overseeing the payment of bi-weekly wages and related payroll taxes for more than 3,500 employees of the Companies.

6. A Reverse Automated Clearinghouse (hereinafter "ACH") transaction is a bank to bank transaction in which the bank account holder authorizes another party, such as a vendor, to withdraw funds from its account via a wire transfer. It is called a reverse wire because it is initiated by the recipient of the funds, rather than the sender. The benefit to the funds recipient is that the transfer is secure; the benefit to the payer is that once it has authorized the bank in writing to respond to future drawdown requests, no work is required on the payer's part to execute a transfer.

7. Ceridian Corporation, an independent payroll service, was contracted to provide payroll and payroll tax payment services to the Companies from in or around October 2006 until March 2010. Monies were placed by accounting department

2

personnel at the Companies, located in Boca Raton, Florida, into individual operating accounts for each of the Promise Hospitals at Mercantile Bank, later known as TD Bank, NA (hereinafter "TD Bank"). Thereafter, Ceridian Corporation conducted reverse ACH transactions from the Companies' various TD Bank accounts to Ceridian Corporation's business bank account. The reverse ACH transactions were authorized for the sole purpose of paying the local, state and federal government payroll taxes for the Companies.

8. In or around March 2010, Ceridian Corporation stopped processing and forwarding these tax payments to local, state and federal taxing agencies, and the Companies began making the tax payments for the Promise Hospitals in-house, under the direction of defendant **RAMDEO**, as director of Payroll, until October 2010.

9. A book transfer is defined as the transfer of funds from one deposit account to another at the same financial institution. A book transfer is a way to eliminate check clearing float because unlike with interbank transfers, there is no wait time for funds to be credited with intrabank transfers.

### COUNTS ONE THROUGH THREE
### WIRE FRAUD
### (18.S.C. §1343)

10. Paragraphs 1 through 9 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

11. Beginning at least as early as September 3, 2010, and continuing through on or about October 12, 2012, at Boca Raton, Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

3

### SONNY AUSTIN RAMDEO,

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made.

### PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

12. It was the purpose of the scheme and artifice to defraud for the defendant to unlawfully enrich himself by falsely representing to officers and employees of the Companies that money entrusted to Payserv Tax Inc. would be used to pay the Promise Hospitals' payroll taxes, thereby inducing the companies to transfer more than $20,000,000.00 to the defendant's company, Payserv Tax Inc., which funds he then fraudulently diverted for his own personal use and benefit, including transferring moneys to his company, EZ-Jet GT Inc.

### MANNER AND MEANS

13. Defendant **RAMDEO** carried out the fraud in the following manner and by using the following means, among others:

    a. Defendant **RAMDEO** incorporated PayServ Tax, Inc. on or about September 3, 2010. **RAMDEO** served as incorporator, and sole officer of PayServ Tax, Inc. At various times PayServ Tax, Inc. was also known as PayService Tax, Inc., PayTax Service and Pay-Tax;

b. Defendant **RAMDEO** opened electronic checking account xxxxxx9715 at PNC Bank, NA, in Sunrise, Florida, in the name of PayServ Tax, Inc.;

c. Defendant **RAMDEO** told officers and employees of Promise Healthcare Inc. that PayServ Tax, Inc. would provide the service of transferring local, state and federal payroll taxes to the proper agencies on behalf of the Companies;

d. Defendant **RAMDEO** falsely stated in an e-mail, purported to be sent by an employee of Pay-Tax, that the company processing the Promise Hospitals' local, state and federal payroll taxes was a subsidiary of Ceridian Corporation;

e. In or about October ~~2011~~ 2010 CA, defendant **RAMDEO** created forms (known as Funds Transfer Schedules D, or Forms D) authorizing PayServ Tax, Inc. to conduct reverse ACH transactions to obtain moneys from the operating accounts of all existing Promise Hospitals at TD Bank;

f. In or about March ~~2012~~ 2011 CA, defendant **RAMDEO** created a Form D authorizing PayServ Tax, Inc. to conduct reverse ACH transactions to obtain moneys from the operating account for the Promise Hospital of Florida at the Villages, Inc., at TD Bank;

g. From his office in Boca Raton, FL, defendant **RAMDEO** caused wire transfers from the Promise Hospitals' accounts through the operation of reverse ACH transactions at TD Bank, located in Wilmington, Delaware to the account of PayServ Tax, Inc. at PNC Bank, in Pittsburgh, Pennsylvania, for the benefit of PayServ Tax, Inc.;

5

    h. Defendant **RAMDEO** incorporated, owned and managed EZ-Jet GT Inc., an international charter airline service, whose corporate headquarters were in Sunrise, Florida. In or about November 2011, **RAMDEO** opened electronic checking account xxxxxx7078 at PNC Bank, NA, in Sunrise, Florida, in the name of EZ-Jet GT Inc.

    i. Defendant **RAMDEO** caused book transfers of money from the PayServ Tax, Inc. accounts at PNC Bank, NA which were designated for payment of the Promise Hospitals' payroll taxes due and owing to local, state and federal taxing agencies to EZ-Jet GT Inc. bank accounts at PNC Bank, NA. Defendant **RAMDEO** then used these moneys for his own benefit, including payment of EZ-Jet GT Inc. expenses incurred in order to operate the charter air service such as airplane and crew rental, fuel, food, ground crew and air terminal costs.

## USE OF THE WIRES

14. On or about the dates specified as to each Count below, in the Southern District of Florida and elsewhere, the defendant, for the purpose of executing the scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds as set forth in each Count below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | December 8, 2011 | Order for a reverse ACH transaction sent to TD Bank in Wilmington, Delaware over the World Wide Web, causing funds in the amount of $45,000.00 to be wired from the Promise Hospital of East Los Angeles L.P. account at TD Bank to the PayServ Tax, Inc. account at PNC Bank. |
| 2 | July 11, 2012 | Order for a reverse ACH transaction sent to TD Bank in Wilmington, Delaware, over the World Wide Web, causing funds in the amount of $318,696.19, to be wired from the Promise Hospital of East Los Angeles L.P. account at TD Bank to the PayServ Tax, Inc. account at PNC Bank. |
| 3 | October 9, 2012 | Order for a reverse ACH transaction sent to TD Bank in Wilmington, Delaware, over the World Wide Web, causing funds in the amount of $100,828.42, to be wired from the Promise Hospital of Ascension Inc. account at TD Bank to the PayServ Tax, Inc. account at PNC Bank. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL

_____
FOREPERSON

*Edward E-/Mun for*
WIFREDO A. FERRER
UNITED STATES ATTORNEY

ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

## BOND RECOMMENDATION

DEFENDANT: SONNY AUSTIN RAMDEO

Pre-trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ELLEN L. COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   WENDE BARFELD
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

SONNY AUSTIN RAMDEO,

**CERTIFICATE OF TRIAL ATTORNEY***

Defendant.
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami ___ Key West
___ FTL  x  WPB ___ FTP

New Defendant(s)      Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect _____

4. This case will take  10  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days    ___             Petty    ___
   II   6 to 10 days   X               Minor    ___
   III  11 to 20 days  ___             Misdem.  ___
   IV   21 to 60 days  ___             Felony   X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  no
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   no

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  no  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  no  No

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0739472

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** SONNY AUSTIN RAMDEO

**Case No:**

Counts #: 1 through 3

Wire Fraud:

Title 18, United States Code, Section 1343

**\* Max.Penalty**: as to each count of conviction : 20 years' imprisonment; $250,000 fine or twice the value of the gross gain by the defendant or loss by the victim, which ever is greater; not more than 3 years supervised release.