UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80295-CIV-MARRA
(12-80226-CR-MARRA)

SONNY AUSTIN RAMDEO,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## FINAL JUDGMENT PETITION FOR WRIT OF ERROR CORAM NOBIS

**THIS CAUSE** comes before the Court upon Petitioner Sonny Austin Ramdeo's Petition for Writ of Error Coram Nobis ("Petition"), filed under 28 U.S.C. § 1651, [ECF No. 1].[1] In the Petition, Petitioner argues that newly discovered evidence demonstrates that the Court miscalculated his restitution amount. Following an order to show cause, Respondent filed a response opposing the Petition. The Court has reviewed the Petition [ECF No. 1], Respondent's Response in opposition to the Petition [ECF No. 6], and Petitioner's Reply [ECF No. 7]; and, for the following reasons, the Petition [ECF Nos. 1] is **DENIED**.

## BACKGROUND

On April 11, 2013, a grand jury charged Petitioner in a superseding indictment with three counts of wire fraud and six counts of money laundering [CR ECF No. 44]. On October 1, 2013, Petitioner pled guilty to one count of wire fraud and one count of money laundering [CR ECF Nos.

---

[1] Citations to docket items in the record of Petitioner's underlying criminal case, 12-CR-80226, are to "CR ECF No.," and citations to docket entries in this action, 23-CV-80295, are to "ECF No."

70 and 71]. Following his guilty plea, however, Petitioner filed numerous motions to withdraw his plea, each of which the Court denied [CR ECF Nos. 93, 135, 141, 159, 166, 174, 180, 183, 193, 245, 246, 256, 257, 261, and 262].

On July 9, 2015, Petitioner appeared before the Court for sentencing [ECF No. 6 p. 4]. The Court sentenced Petitioner to 240 months of imprisonment, followed by three years of supervised release, and ordered restitution in the amount of $21,442,173.00 [CR ECF No. 268].

Petitioner appealed his judgment to the Eleventh Circuit Court of Appeals, arguing that this Court erred in "(1) denying his motion to withdraw his guilty plea; (2) calculating the amount of restitution; (3) imposing offense level enhancements for obstruction of justice and for the use of sophisticated means; and (4) denying his request for a downward adjustment to his sentence for acceptance of responsibility" [CR ECF No. 327 p. 4]. On June 8, 2017, the Eleventh Circuit affirmed Petitioner's conviction and judgment [CR ECF No. 327].

On September 25, 2017, Petitioner filed a petition for writ of Audita Querela under 28 U.S.C. § 1651 [CR ECF No. 334]. Petitioner argued in that petition, once again, that the Court miscalculated the restitution amount it ordered [CR ECF No. 334 pp. 4–5]. However, the Court dismissed the petition for writ of Audita Querela after reconstruing it as a petition for writ of error coram nobis. *Ramdeo v. United States*, 17-CV-81110, ECF No. 4 (S.D. Fla. Oct. 11, 2017*) report and recommendation adopted by* ECF No. 6 (S.D. Fla. Nov. 14, 2017). Petitioner appealed the Court's dismissal of the reconstrued petition for writ of error coram nobis, and the Eleventh Circuit affirmed. *See Ramdeo v. United States*, 17-CV-81110, ECF No. 17 (S.D. Fla. Oct. 11, 2017). In its affirmance, the Eleventh Circuit noted that Petitioner's restitution issue was raised and rejected on direct appeal. *See id.* at 9.

On October 15, 2018, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, in which he again challenged the restitution amount ordered by the Court [CR ECF No. 349]. The Court subsequently denied Petitioner's Section 2255 motion, and Petitioner appealed [CR ECF Nos. 376 and 380]. The Eleventh Circuit affirmed the Court's denial of Petitioner's Section 2255 Motion on February 24, 2022 [CR ECF No. 387].

On May 18, 2022, Petitioner was released to home confinement and now resides at the Bureau of Prison's ("BOP") Orlando Residential Reentry Center [ECF No. 6 p. 7]. Petitioner's projected release date is December 26, 2028. *See* BOP's Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 12, 2023).

Petitioner now files the instant Petition, arguing that newly discovered evidence demonstrates his restitution amount was miscalculated [ECF No. 1].

### LEGAL STANDARD

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). A person is considered "in custody" when he or she is serving a sentence of imprisonment or a term of supervised release. *See Jones v. Cunningham*, 371 U.S. 236, 241–42 (1963). The Supreme Court explained in *United States v. Morgan* that coram nobis relief is only available after a petitioner has served his sentence because "the results of the conviction may persist[,] [s]ubsequent convictions may carry heavier penalties, [and] civil rights may be affected.'" 346 U.S. 502, 512–13 (1954). The coram nobis writ is an extraordinary remedy only available where (1) no other avenue of relief is or was available,

and (2) the petitioner presents a fundamental error that made his criminal proceedings irregular and invalid. *See Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

## DISCUSSION

Petitioner is ineligible for coram nobis relief. The BOP's records indicate that Petitioner is still detained and will not be released until December 26, 2028. *See* BOP's Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 12, 2023). Because Petitioner is in custody, he is not entitled to coram nobis relief. *See e.g.*, *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999) ("Coram nobis relief is unavailable to a person . . . who is still in custody." (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997))); *United States v. Chaff*, 269 F. App'x 878, 879 (11th Cir. 2008) ("Petitioner was in custody when he filed his motion and remains in custody today. Therefore, he is not entitled to coram nobis relief."); *United States v. Gregory*, No. 21-11177, 2021 WL 5321809, at *1 (11th Cir. Nov. 16, 2021), *cert. dismissed*, 212 L. Ed. 2d 344, (2022), *reconsideration denied*, 212 L. Ed. 2d 604, (2022) ("Petitioner is ineligible for relief under the writ [of coram nobis] because he is still serving his term of supervised release."). Therefore, the Court shall deny the instant Petition without discussing the merits of the Petition or any relevant procedural bars.[2]

## CERTIFICATE OF APPEALABILITY

It does not appear that a certificate of appealability is necessary to proceed on appeal in this matter. However, even if a certificate of appealability is required, the Court concludes that

---

[2] Petitioner claims that "several courts have recognized that the out-of-custody requirement is not an absolute prerequisite to coram nobis relief" [ECF No. 7 p. 6; *see also* ECF No. 1 pp. 8–11]. However, the only binding case Petitioner cites to support that assertion is *Morgan*—a case which makes no exception to the "out-of-custody" requirement. Thus, Petitioner's claim is rejected.

Petitioner is not entitled to one because reasonable jurists would not debate this Court's decision to dismiss the instant Petition. *See Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001)

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Petitioner Sonny Austin Ramdeo's Petition for a Writ of Error Coram Nobis [ECF No. 1] is **DENIED**.

(2) A certificate of appealability **SHALL NOT** issue.

(3) The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of May, 2023.

KENNETH A. MARRA
United States District Judge

cc:     **Counsel of Record**

**Sonny Austin Ramdeo**
80568-053
Orlando RRM
4012 SW 54TH Ter
Ocala, Florida 34474-9709
Email: emailsonny0@gmail.com
PRO SE